UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIGHT CLUB KITTY HAWK 94551, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>OMNI FIGHT CLUB FRANCHISING, LLC, et al.,<br><br>Defendants. | Case No. 20-cv-08804-HSG<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>Re: Dkt. No. 15 |

Pending before the Court is the motion to remand filed by Plaintiffs Fight Club Kitty Hawk 94551, Inc., Fight Club Del Prado 33904, LLC, and Fight Club USA, Inc. Dkt. No. 15. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons detailed below, the Court **GRANTS** the motion.

I.  **BACKGROUND**

On June 1, 2018, Plaintiffs filed a complaint against Defendants Omni Fight Club Franchising LLC ("OFCF"), Dennis Dumas, Amanda Dumas, Scott Kelly, Michael Kahn, and Nick Duarte in Alameda County Superior Court. *See* Dkt. No. 1-1, Ex. A at 2–52. Although the complaint initially asserted only state law causes of action, Plaintiffs later filed a second amended complaint on November 20, 2020, which included federal causes of action under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1962(c)–(d). *See* Dkt. No. 1-4, Ex. A at 2–39. Plaintiffs allege that since 2017, Defendants conspired to defraud OFCF franchisees out of money or property by opening competing OFCF locations nearby, in violation of the franchise agreement. *See id.* at ¶¶ 1–5, 142–156. On December 1, Plaintiffs filed a corrected version of this second amended complaint, which fixed errors in the names of the

1   Defendants in the case caption. *See id.* at 119–157.

2       On December 11, 2020, Defendant OFCF removed this action based solely on federal

3   question jurisdiction. *See* Dkt. No. 1. The notice of removal was signed by counsel for

4   Defendants OFCF, Mr. Kahn, and Mr. Kelly. *See id.* at 5. The remaining Defendants did not

5   sign, and were not referenced in, the notice. Defendants also did not allege, in the alternative, that

6   the Court had diversity jurisdiction over this case. *Id.*; *cf.* Dkt. No. 1 at ¶ 3 (noting that "all

7   Plaintiffs were not diverse from all Defendants"). Plaintiffs now move to remand the action to

8   state court. *See* Dkt. No. 15.

9   **II.   LEGAL STANDARD**

10      A defendant may remove a civil action in state court to the federal court "for the district

11  and division embracing the place where such action is pending" if the federal court has subject

12  matter jurisdiction over the matter. *See* 28 U.S.C. § 1441(a). "If a case is improperly removed,

13  the federal court must remand the action because it has no subject-matter jurisdiction to decide the

14  case." *ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of Mont.*, 213 F.3d

15  1108, 1113 (9th Cir. 2000). On a motion to remand, the court "resolves all ambiguity in favor of

16  remand to state court," *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009), and

17  must reject federal jurisdiction "if there is any doubt as to the right of removal in the first

18  instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The removing party bears the

19  burden of establishing federal jurisdiction. *See id.* at 566–67.

20  **III.  DISCUSSION**

21      Plaintiffs argue that Defendant OFCF's notice of removal was procedurally deficient, and

22  thus the case should be remanded back to state court. *See* Dkt. No. 15. More specifically,

23  Plaintiffs contend that Defendant OFCF (1) did not obtain Defendant Dennis Dumas' consent to

24  removal; and (2) failed to explain in the notice of removal why it did not obtain Mr. Dumas'

25  consent. *See id.* at 2. Defendant OFCF does not appear to dispute these deficiencies. Rather,

26  Defendant OFCF contends that it did not have to obtain Mr. Dumas' consent because he was

27  either fraudulently joined or should be considered a nominal party. *See* Dkt. No. 21. To date, Mr.

28  Dumas has not joined in the removal or filed a notice of appearance with this Court. Defendant

1  OFCF does not, however, address Plaintiffs' contention that the notice of removal was
2  procedurally defective for failing to explain why it did not obtain Mr. Dumas' consent. The Court
3  finds this issue dispositive.

4  "When a civil action is removed solely under [original jurisdiction], all defendants who
5  have been properly joined and served must join in or consent to the removal of the action." *See* 28
6  U.S.C. § 1446(b)(2)(A); *see also Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1993 n.1 (9th Cir.
7  1988). Under this "rule of unanimity," only "nominal, unknown, or fraudulently joined parties"
8  need not join in or consent to the removal. *See United Computer Sys., Inc. v. AT&T Corp.*, 298
9  F.3d 756, 762 (9th Cir. 2002). The Ninth Circuit has further held that "[w]here fewer than all
10 defendants have joined in a removal action, the removing party has the burden . . . to explain
11 affirmatively the absence of any co-defendants in the notice of removal." *Prize Frize, Inc. v.*
12 *Matrix (U.S.) Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999), *superseded by statute on other grounds as*
13 *stated in Abrego v. Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006). If the removal notice is
14 facially defective and the deficiencies remain uncured within the thirty-day statutory period,
15 removal is improper.[1] *Id.* at 1266–67.

16 Defendant OFCF filed an amended notice of removal on February 16, 2021, almost three
17 months after Plaintiffs served the second amended complaint, and after briefing on the pending
18 motion to remand was complete. *See* Dkt. No. 37. This amended notice of removal explains—as
19 does the opposition to the motion to remand—why the other Defendants did not join in the notice
20 of removal. *See id.* at ¶¶ 11–13. However, "because the [initial] removal notice was facially
21 defective and the deficiencies uncured within the thirty-day statutory period, removal was
22 improper." *See Prize Frize*, 167 F.3d at 1266; *accord Vargas v. Riley*, No. 18-CV-00567-JST,
23 2018 WL 2267731, at *4, & n.3 (N.D. Cal. May 17, 2018); *Garcia-Pardini v. Metro. Life Ins. Co.*,
24 No. C-01-0088 VRW, 2001 WL 590037, at *2 (N.D. Cal. May 17, 2001).

---

[1] Under § 1446(b)(3), "if the case stated by the initial pleading is not removable, a notice of removal may be filed *within 30 days* after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3) (emphasis added).

3

The Ninth Circuit has recognized limited exceptions allowing parties to cure procedural defects before entry of judgment where remanding the case would lead to significant costs and inefficiencies in the administration of justice. *See, e.g.*, *Parrino v. FHP, Inc.*, 146 F.3d 699, 703 (9th Cir. 1998) (holding that "a procedural defect existing at the time of removal but cured prior to entry of judgment does not warrant reversal and remand of the matter to state court") (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 73 (1996)); *Destfino v. Reiswig*, 630 F.3d 952, 957 (9th Cir. 2011) (same). However, the Ninth Circuit has noted that although "the Court of Appeals [may] treat as cured a procedural defect in the removal process corrected before entry of judgment," "[t]he procedural requirements for removal remain enforceable by the federal trial court judges to whom those requirements are directly addressed." *See Parrino*, 146 F.3d at 703, n.1 (citing *Caterpillar*, 519 U.S. at 73). To hold otherwise would significantly undermine the mandatory procedural requirements for removal. *Cf. Smith v. Mylan Inc.*, 761 F.3d 1042, 1045 (9th Cir. 2014) ("[T]he time limit [for removal] is mandatory and a timely objection to a late petition will defeat removal."). In any event, such an exception would not apply here, since the case was pending in the state court for years before being removed, and this Court has not yet engaged substantively with the case. And to the extent there are any doubts concerning the propriety of removal, they must be resolved in favor of remand.

The Court acknowledges Defendant OFCF's concern that Plaintiffs appear to have engaged in some level of gamesmanship to thwart the removal of this action to federal court. In particular, it appears that Plaintiffs may have settled with Mr. Dumas in exchange for his assistance in litigating this case, and that the settlement agreement may have included a condition that Mr. Dumas would not consent to removal. *See* Dkt. No. 51; *see also* Dkt. No. 51-1, Ex. A at ¶ 9. But whatever the underlying facts may be, they do not excuse Defendant OFCF's failure to meet the procedural requirements for removal. If Defendant OFCF has concerns about the ethical propriety of Plaintiffs' counsel's actions, it can raise them with the state court (or the relevant State Bar) if warranted.

**IV.   CONCLUSION**

Accordingly, the Court **GRANTS** the motion and **REMANDS** the case to the California

4

Superior Court for Alameda County. In its discretion, the Court **DENIES** Plaintiffs' request for attorneys' fees. *See* Dkt. No. 15 at 6–7. Defendant OFCF raised nonfrivolous arguments that removal was proper even absent Mr. Dumas' consent, but the Court found these arguments barred by the procedural requirements discussed above. There appears to be more than enough gamesmanship to go around in this case, and Plaintiffs' arguments do not warrant reimbursement of their fees. Defendant's motion for further discovery and motion to dismiss are **DENIED AS MOOT**. The Clerk is directed to remand the case and close the file.

**IT IS SO ORDERED.**

Dated: 5/25/2021

*Haywood S. Gilliam, Jr.*
HAYWOOD S. GILLIAM, JR.
United States District Judge